## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

WORLD WRESTLING
ENTERTAINMENT, INC,

                Plaintiff,

v.

J.F. RAMOS -
REPRESENTAÇÕES, LDA

                Defendant.

Civil Action No.
3:10-CV-1399 (CFD)

FEBRUARY 4, 2011

### DEFENDANT J.F. RAMOS REPRESENTAÇÕES, LDA'S
### MEMORANDUM IN SUPPORT OF ITS
### MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PROCEEDINGS

Defendant J.F. Ramos Representações, LDA ("J.F. Ramos") submits this Memorandum of Law in support of its Motion to Dismiss or in the Alternative Stay Proceedings.

## INTRODUCTION

Plaintiff World Wrestling Entertainment, Inc.'s ("WWE") action for declaratory judgment and breach of contract should be dismissed, or in the alternative stayed, because the purported controversy it seeks to adjudicate is not ripe. Plaintiff seeks a declaration that J.F. Ramos is required to indemnify WWE for litigation currently pending in France even though the WWE may face no liability for damages and may be awarded its costs of defending the litigation and attorneys' fees by the French court.

## FACTUAL BACKGROUND

### A.    J.F. Ramos, WWE and the Licensing Agreement

J.F. Ramos is a Portuguese corporation that manufactures and distributes a variety of licensed merchandise including products licensed from the WWE. On January 1, 2009, J.F. Ramos entered into a licensing agreement with WWE, with a term to expire on December 31,

2010 (the "Licensing Agreement"). In the Licensing Agreement, WWE granted Ramos the non-exclusive right and license to manufacture and distribute WWE licensed products including apparel and accessories in Portugal.

### B.    The French Litigation

In 2009, J.F. Ramos manufactured products containing WWE's intellectual property (the "Products"). Official holograms for the Products had been supplied to J.F. Ramos by the official WWE hologram supplier, after J.F. Ramos' payment and WWE's authorization. (Declaration of António Zorro, dated Feb. 4, 2011 ("Zorro Decl.") (attached hereto as Exhibit A) at ¶3.) Sun City CIE DND ("Sun City"), a French company, contacted J.F. Ramos and the parties conducted a transaction in Portugal, pursuant to which Sun City purchased the Products. (Zorro Decl. at ¶4.) J.F. Ramos included the Products sold to Sun City in its 2009 annual declaration of sales to WWE and paid the applicable royalties to the European licensing agent of WWE, CPLG. (Zorro Decl. at ¶5.) Such payment was accepted. (Zorro Decl. at ¶5.) After WWE received complaints from other European licensees that Sun City was selling WWE products in the French market, WWE sent cease and desist letters to Sun City and the companies to which Sun City had sold merchandise. (Zorro Decl. at ¶6.)

In response to WWE's cease and desist letters, Sun City filed an injunction in the Commercial Court of Paris ("Tribunal de Commerce de Paris") and an action in the Paris Court of First Instance in Paris, France (the "French Litigation"). (Zorro Decl. at ¶7.) In the French Litigation, Sun City brought two actions: (1) an injunction against Scemama SNC and Scemama International SARL, requesting documents relating to transactions with Lamaloli GMBH, TVMania GMBH and WWE that could demonstrate any illegal activity (namely, unfair competition and trade practices in violation of European Union trade laws); and (2) an action

against Scemama SNC, Scemama International SARL, Lamaloli GMBH, TVMania GMBH and WWE alleging anti-competitive practices and requesting the cancelation of several trademarks. (Zorro Decl. at ¶8.)

The French Court granted Sun City's request for an injunction and defendants in the French Litigation including WWE, have filed an interlocutory appeal of the decision.  (Zorro Decl. at ¶8.)  WWE has not yet filed its appellate brief.  (Zorro Decl. at ¶9.)  Oral argument before the Court of Appeals of Paris will likely occur during May of 2011.  (Zorro Decl. at ¶9.)  With regard to the second action, the proceedings are only in the very beginning stages, being at this moment discussed only the possibility of using the documents seized on the injunction.  (Zorro Decl. at ¶¶10-12.)  None of the defendants in the action, including WWE, have filed responsive pleadings on the merits.  (Zorro Decl. at ¶12.)  It is anticipated that a resolution may take between eighteen and thirty months.  (Zorro Decl. at ¶13.)

### C.     This Case

On September 2, 2010, WWE filed a complaint for declaratory judgment and attorneys' fees seeking this Court's determination as to whether J.F. Ramos is required to indemnify WWE for costs that may be incurred by WWE in the French Litigation pursuant to the Licensing Agreement.

## ARGUMENT

### A.     The Standard for Dismissal

Ripeness is a jurisdictional question.  *Allen v. Wright*, 468 U.S. 737, 750 (1984); *SK Finance SA v. La Plata County, Bd. Of County Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997) ("The issue of whether a claim is ripe for review bears on the court's subject matter jurisdiction under Article III of the Constitution."); *see also Murphy v. New Milford Zoning Comm'n*, 402

F.3d 342, 347 (2d Cir. 2005) ("Ripeness is a jurisdictional inquiry" and "[as] such, we must presume that we cannot entertain [plaintiffs'] claims unless the contrary appears affirmatively from the record."). Courts treat a ripeness challenge as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *SK Fianance SA*, 126 F.3d at 1272; *see also Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Securities Dealers*, No. 07 CV 2014, 2007 U.S. Dist. LEXIS 71287, at *16-17 (S.D.N.Y. Sept. 26, 2007)[1] ("Lack of subject matter jurisdiction and ripeness are governed by Federal Rule of Civil Procedure 12(b)(1)."). Courts must dismiss cases that are not ripe. *See e.g.*, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (a case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)).

It is "well established that when considering a motion to dismiss based on lack of jurisdiction, a court may consider matters outside the pleadings" including affidavits and declarations. *Liberty Cable Co. v. City of New York*, 893 F.Supp. 191, 199 FN 11 (S.D.N.Y. 1995); *see also APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings"); *Standard Inv. Chartered Inc.*, 2007 U.S. Dist. LEXIS 71287, at *12 (on a FRCP Rule 12(b)(1) motion brought on a ripeness issue, the issue is jurisdictional, which enables the court to look beyond the pleadings).

**B.    Plaintiff's Claims Are Not Ripe**

Ripeness concerns whether a claim should be "dismissed as premature." *Thompson v. Am. Bar Ass'n*, No. 3:05 CV 1493, 2007 U.S. Dist. LEXIS 27808, at *19 (D. Conn. Mar. 30, 2007). The "central concern is whether there are uncertain or contingent future events that may or may not occur as anticipated that would render a judicial determination unnecessary." *Tsombanidis v. City of West Haven*, 129 F.Supp.2d 136, 159 (D. Conn. 2001). The "basic

---

[1] A copy of each unreported case is attached hereto as Exhibit B.

rational is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Office of Consumer Counsel v. S. New. Eng. Tel. Co.*, 502 F. Supp. 2d 277, 285 (D. Conn. 2007).

The doctrine reflects the principle that "courts should decide only a real, substantial controversy, not a mere hypothetical question." *AMSAT Cable Ltd. V. Cablevision of Conn. Ltd.*, 6 F.3d 867, 872 (2d Cir. 1993) (internal citation omitted).  Indeed, "an Article III court cannot entertain a claim which is based upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998) (internal citations omitted).

Courts assessing ripeness must consider two factors: "the fitness of the issues for judicial decisions" and "the hardship to the parties of withholding court consideration." *Abbott Labs. V. Gardner*, 387 U.S. 136, 149 (1967), *overrule on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977); *AMSAT Cable Ltd.*, 6 F.3d at 872; *Office of Consumer Counsel*, 502 F.Supp. 2d at 285.

      1.     <u>Plaintiff Requests That This Court Render an Advisory Opinion.</u>

A matter is not fit for judicial review if "further factual development would significantly advance [the court's] ability to deal with the legal issues presented." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003)(citation omitted).  For a declaratory judgment to be fit for judicial decision, there must be an actual controversy that is ripe for determination.  Whether there is an "actual controversy" depends on "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005).

"The ripeness doctrine protects the government from judicial interference until a . . . decision has been formalized and its effects felt in a concrete way by the challenging parties." *Office of Consumer Counsel*, 502 F.Supp. 2d at 285. "A controversy ceases to be 'real and immediate' when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 563 (2d Cir. 1991) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The Supreme Court has emphasized that "[t]he disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 1952.

Here, Plaintiff's case is speculative and contingent. Plaintiff seeks a declaration that J.F. Ramos must indemnify WWE for all potential damages, costs and attorneys' fees incurred in the French litigation, yet Plaintiff admits in its complaint that the WWE faces "potential" rather than certain liability for damages. (Compl. ¶25.) While, as an initial matter, a question exists as to whether the indemnification language in the Licensing Agreement even covers actual, rather than potential, costs and attorneys' fees incurred by WWE in the French Litigation, a very real possibility exists that the question will never need to be answered. If WWE prevails in the French Litigation, Sun City, as the putative losing party, would be responsible for the actual costs and attorneys' fees incurred by WWE. *See Zapata Hermanos Secesores, S.A. v. Hearthside Baking Co.*, 313 F. 3d 385, 388 (7th Cir. 2002) ("the general U.S. rule on attorney's fee shifting (the 'American rule') is different from the French rule (loser pays)".) Under this set of hypothetical facts, there would be no need for J.F. Ramos to indemnify WWE.

As WWE faces only "potential liability for damages," rather than definite damages, in the form of costs and attorneys' fees, any declaration by this Court would be purely advisory. *See In re Drexel Burnham Lambert Group Inc.*, 995 F.2d 1138, 1146 (2d Cir. 1993) (the ripeness doctrine "turns on whether there are nebulous future events so contingent in nature that there is no certainty they will ever occur."). This is insufficient to satisfy the constitutional requirement of "case or controversy." *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) (the controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests" and a decree must be "of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts"). There is no pending controversy for this Court to determine. WWE has merely alleged "potential liability for damages" that may or may not occur in the future, pending the unknown outcome of the French Litigation. As such, Plaintiff has not met the first prong of the test for ripeness.

      ii.    <u>Plaintiff Will Not Suffer Hardship If Its Complaint Is Dismissed.</u>

The second prong of the ripeness test requires the Court to consider the balance of hardships on the parties if the claim is dismissed. The potential hardship must be substantial; if the likelihood of harm is merely speculative, the hardship standard for ripeness is not met. *Reno v. Catholic Social Servs.*, 509 U.S. 43, 57-58, 66 (1993). In cases where a plaintiff has met this test, the hardships have been both concrete and significant. For instance, in *Abbot Laboratories*, the Supreme Court held that a plaintiff satisfied this test where failure to issue declaratory judgment would have forced the plaintiff to change all of its labels, advertisements and promotional materials; destroy stocks of printed matter; and invest heavily in new printing type and new supplies. 387 U.S. 136 (1967).

Here, WWE will suffer no harm, much less substantial harm if its claims are not adjudicated. If fact, WWE would potentially save attorneys' fees and costs should this action be dismissed. Accordingly, both factors weighs in favor of this Court dismissing this action or, at the very least, staying the action pending the outcome of the French Litigation.

## CONCLUSION

Plaintiff's Complaint should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the court lacks subject matter jurisdiction. Alternatively, and at the very least, this action should be stayed pending the outcome of the on-going French Litigation.

Dated: February 4, 2011
Hartford, Connecticut

RESPECTFULLY SUBMITTED,
J.F. RAMOS -
REPRESENTAÇÕES, LDA

By: /s/ Thomas J. Rechen
   Thomas J. Rechen (ct03385)
   *trechen@mccarter.com*
   Kelly Burns Gallagher (ct27845)
   *kgallagher@mccarter.com*
   McCarter & English, LLP
   CityPlace I
   185 Asylum Street
   Hartford, Connecticut 06103
   Tel.: (860) 275-6700
   Fax: (860) 724-3397

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

/s/ Thomas J. Rechen
Thomas J. Rechen

ME1 11164300v.1