UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC, | : | Civil Action No. 3:10-CV-1399 (CFD) |
| Plaintiff, | : | |
| v. | : | |
| J.F. RAMOS - REPRESENTAÇÕES, LDA | : | |
| Defendant. | : | APRIL 11, 2011 |

### DEFENDANT J.F. RAMOS REPRESENTAÇÕES, LDA'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PROCEEDINGS

**I.      INTRODUCTION**

Defendant, J.F. Ramos - Representações, LDA ("Ramos") provides this memorandum of law in reply to Plaintiff World Wrestling Entertainment, Inc.'s ("WWE") Memorandum in Opposition to Motion to Dismiss or in the Alternative Stay Proceedings. WWE's Opposition fails to address the fundamental flaw of its Complaint; *i.e.*, without a judgment in the French Litigation, there is no case or controversy between the parties. Accordingly, the case is not ripe and the Complaint should be dismissed or in the alternative stayed.

**II.     ARGUMENT**

   **A.      WWE Confuses the Applicable Standards.**

Courts assessing ripeness must consider two factors: "the fitness of the issues for judicial decisions" and "the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977). Contrary to WWE's assertion that "Ramos' legal analysis begins by applying an

incorrect legal standard," (Opposition at 3,) courts, including courts in the District of Connecticut, have frequently applied the *Abbot* standard to non-administrative decisions. *See Twin Cities Fire Ins. Co. v. Innovative Aftermarket Sys., L.P.*, 597 F. Supp. 2d 295, 297-298 (D. Conn. 2009) (applying the *Abbott* standard to an action seeking a declaratory judgment concerning insurance indemnification obligations and determining that the case was not ripe for adjudication); *Pall v. KPMG. LLP*, Civ. No. 3:03-CV-00842, 2006 U.S. Dist. LEXIS 71821, at *6 (D. Conn. Sept. 29, 2006)[1] (applying the *Abbott* standard to a shareholder derivative action for indemnification and determining that "because there has been no determination of liability and damages in the related actions, the injury remains speculative."). While there appears to be some confusion within and between the circuits as to the correct standard to apply to ripeness cases involving contractual indemnification clauses, the application of the *Abbott* standard remains the law in the Second Circuit. *Baldwin v. Bader*, Civil No. 08-431-P-H, 2009 U.S. Dist. LEXIS 47988, at *16-17 (D. Maine June 4, 2009) ("research indicated that no court outside of the Ninth Circuit has considered whether to adopt [the] holding that the *Abbott Labs* standard is inapplicable to private party contract disputes.").

WWE also misleads the court about how to apply the standard it advocates. (Opposition at 3.) WWE urges this Court to examine: "(1) whether the judgment will serve a useful purpose in clarifying or settling legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." (Opposition at 3 citing *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005).) WWE then states that if "either prong is met, the action must be entertained." (Opposition at 3 citing *Cont'l Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992).) This is not true. District courts have discretion "to refuse to exercise jurisdiction over a declaratory action that they would otherwise be

---

[1] A copy of all unreported cases are attached hereto as Exhibit A.

empowered to hear." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). Cases cited by WWE are in accord with this proposition. *See e.g.*, *Duane Reade, Inc.*, 411 F.3d at 388 *citing Dow Jones & Co.*, 346 F.3d at 359; *White v. Nat'l Union Fire Ins. Co.*, 913 F.2d 165, 168 (4th Cir. 1990) ("[a] district court may, in its discretion, refuse to issue declaratory judgment"); *Rosen v. Mega Bloks Inc.*, 06 Civ. 3474, 2009 U.S. Dist. LEXIS 34344, at *9-10 (S.D.N.Y. April 7, 2009) ("by its use of the word 'may,' the [declaratory judgment] statute gives a district court discretion whether or not to issue a declaratory judgment.").

**B.  A Declaratory Judgment is Not Appropriate in the Current Situation.**

Regardless of the standard applied, a declaratory judgment is not appropriate in the current situation, which involves multiple contingencies and a complex underlying litigation. WWE seeks a declaratory judgment that Ramos should indemnify it for potential losses incurred in an action currently pending in the Paris Court of First Instance in Paris, France (the "French Litigation"). (Opposition at 1.) The French Litigation is not a straight forward action concerning the sale of WWE products, but rather involves two separate actions: (1) an injunction requesting documents that could demonstrate any illegal activity by WWE such as trade practices in violation of European Union trade laws; and (2) an action alleging anti-competitive practices by the WWE and requesting the cancellation of several trademarks. (Zorro Decl. at ¶8.) The plaintiff in the French Litigation alleges that WWE created an illegal territorial system of license granting, which prevents free trade between European Union member states -- an allegation that goes well beyond the scope of the Licensing Agreement between WWE and Ramos. (*See* Compl. Ex. A at §H(1) (stating that the Licensee will indemnify WWE for all actions "arising from or by reason of or in connection with the manufacture, distribution, advertising, promotion, offering for sale and sale of Licensed Products . . .").) Because of: (1) the wide scope of the allegations; and (2) the fact that discovery, which may reveal illegal

activities, has not yet been conducted, a very real potential exists that major aspects of the litigation will have no connection whatsoever to Ramos or the Licensing Agreement between Ramos and WWE.

Unlike the straightforward insurance coverage cases cited by WWE, (Opposition at 4 - 6,) which require no further factual development, here, Plaintiff's Complaint rests on multiple contingent future events that may not occur as anticipated or may not occur at all including: (1) whether or not the court in the French Litigation rules in WWE's favor; (2) if the court in the French Litigation rules in WWE's favor whether the court awards WWE its costs and attorneys fees; and (3) whether the costs and attorneys fees that WWE may incur in the French Litigation (that are not awarded to WWE by the French court) even relate to the Licensing Agreement between WWE and Ramos or whether they relate to a larger criminal, trade or antitrust investigation. Cases involving multiple contingencies are not appropriate for a declaratory judgment action under any standard of review. *Twin City Fire Ins. Co.*, 597 F. Supp. 2d at 300 (finding that cases involving a "double contingency" are not appropriate for declaratory judgment); *accord Hamilton v. U.S. Servs. Auto. Ass'n*, 115 Conn. App. 774, 784 (Conn. App. 2009) ("this declaratory judgment is not ripe for adjudication because any claim that the plaintiff may have against the defendant is contingent on her prevailing in the *Thorson* action, which has not yet been adjudicated."); *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 932 (4th Cir. 1977) ("[a]n important factor in considering ripeness is whether resolution of the tendered issue is based upon events or determinations that may not occur as anticipated.").

Contrary to the current situation, the cases cited by WWE, (Opposition at 4-6,) generally involve no contingencies and require no further factual development. *See SR Int'l Bus. Ins. Co.*

ME1 11462859v.3

*v. Allianz Ins. Co.*, 343 Fed. Appx. 629, 632 (2d Cir. 2009) ("this case is a pure question of contract interpretation requiring no further factual development."); *Duane Reade*, 411 F.3d at 389 (finding that the dispute involved only a pure question of law as to the scope of coverage afforded by an insurance policy); *Empire Fire & Marine Ins. Co. v. Elrac, Inc.*, No 04 Civ. 10315, 2006 U.S. Dist. LEXIS 91452, at *9 (S.D.N.Y. Dec. 18, 2006) ("Defendants do not attempt to argue - that there is no 'practical likelihood'. . . the prospect of [Defendant] facing liability is real enough to make this an actual case or controversy."); *White*, 913 F.2d at 168 ("the fact that [Defendant] did not object below to the propriety of the declaratory judgment is relevant in assessing whether the district court imprudently issued a declaratory judgment.").

Additionally, with the exception of one unreported district court decision, (Opposition at 2, 5,) the cases cited by WWE concern insurance coverage disputes, not contractual indemnity obligations between business partners. While courts have found that declaratory judgments may serve a useful purpose in some insurance coverage disputes because they can assist the parties in formulating settlement positions and developing settlement strategy, (Opposition at 7 *citing SR Int'l*, 343 Fed Appx. at 632,) a declaratory judgment stating that Ramos will be liable for some portion of WWE's undeterminable future expenses in the French Litigation if certain contingencies play out or certain rulings are made will not assist in the settlement of that expansive litigation.

## III.  CONCLUSION

Because is there is no pending controversy for this Court to determine, the case or controversy requirement under Article III is missing and this Court lacks jurisdiction to hear Plaintiff's Complaint. The Complaint must therefore be dismissed or in the alternative stayed pending the outcome of the French Litigation.

Dated: April 11, 2011  
Hartford, Connecticut

RESPECTFULLY SUBMITTED,  
J.F. RAMOS -  
REPRESENTAÇÕES, LDA

By: /s/ Thomas J. Rechen  
Thomas J. Rechen (ct03385)  
*trechen@mccarter.com*  
Kelly Burns Gallagher (ct27845)  
*kgallagher@mccarter.com*  
McCarter & English, LLP  
CityPlace I  
185 Asylum Street  
Hartford, Connecticut 06103  
Tel.: (860) 275-6700  
Fax: (860) 724-3397

ME1 11462859v.3

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Thomas J. Rechen
Thomas J. Rechen